**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| STEVEN P. FLEMING, | : | **CIVIL NO. 1:10-CV-1565** |
| Plaintiff | : | (Chief Judge Kane) |
| v. | : | (Magistrate Judge Smyser) |
| LACKAWANNA COUNTY, CITY OF SCRANTON, COUNTY & DISTRICT COURTS, | : | |
| Defendants | : | |

## **REPORT AND RECOMMENDATION**

On July 26, 2010, the plaintiff, Steven Paul Fleming, commenced this action by filing a complaint. On August 11, 2010, the plaintiff filed an application to proceed *in forma pauperis*.

The defendants named in the complaint are Lackawanna County, the City of Scranton and "County & District Courts."

The allegations of the complaint are not clear. The plaintiff alleges that Judge Vanaskie and Magistrate Judge Blewitt "are with the judicial conduct board" concerning a civil action and he makes reference to a conflict of interest. The plaintiff alleges that "no defense counsel came forward,"

that allegations were not addressed and that evidence and arguments were kept out of court.  He alleges that judges took a "personal dislike" and that his case was stonewalled in the Third Circuit.  He alleges that judges are suspected of somehow living on "cocaine money," he mentions corruption and asserts that an impartial judge is impossible.  He alleges that counsel for the plaintiff will not get involved with a collection of "dirty judges" and he refers to "Scranton's dirty judges & cops."

On August 6, 2010, the plaintiff, without seeking leave of court, filed a supplemental complaint.  The allegations of the supplemental complaint are as unclear as the allegations of the complaint.

By an Order dated August 12, 2010, we granted the plaintiff's application to proceed *in forma pauperis* and we reviewed the complaint pursuant to 28 U.S.C. § 1915(e)(2).  We concluded that the complaint fails to state a claim upon which relief may be granted because the factual allegations of the complaint do not provide fair notice to the defendants of the nature of the plaintiff's claims.

2

In the Order of August 12, 2010, we also pointed out that the complaint fails to state a claim upon which relief may be granted for other reasons. First, Lackawanna County and the City of Scranton are municipal entities. The complaint does not contain any allegations of a violation of the plaintiff's rights caused by a policy or custom of Lackawanna County or the City of Scranton. Second, the complaint names as defendants "County & District Courts." Claims against county courts, which are part of the unified judicial system of the Commonwealth of Pennsylvania, are barred by the Eleventh Amendment. *Benn v. First Judicial District*, 426 F.3d 233 (3d Cir. 2005). Also, a *Bivens*[1] action can not be brought against a United States District Court. *See FDIC v. Meyer*, 510 U.S. 471, 486 (1994)(A *Bivens* action can be brought only against individual officials).

---

[1] *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971). In *Bivens*, the Supreme Court recognized a private cause of action to recover damages against a federal agent for violations of constitutional rights. "A *Bivens* action, which is the federal equivalent of the [42 U.S.C.] § 1983 cause of action against state actors, will lie where the defendant has violated the plaintiff's rights under color of federal law." *Brown v. Philip Morris Inc.,* 250 F.3d 789, 800 (3d Cir. 2001).

Before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3rd Cir. 2002). By the Order of August 12, 2010, we granted the plaintiff leave to file an amended complaint to attempt, if appropriate, to state a claim or claims upon which relief may be granted against Lackawanna County and/or the City of Scranton. It was ordered that the plaintiff may file an amended complaint on or before September 13, 2010. We noted that if the plaintiff were to fail to file an amended complaint, it would be recommended that the case be dismissed.

On August 20, 2010, the plaintiff filed a document entitled "Amended Complaint." This document was subtitled "Response to August 12, 2010, Order." The document is not an amended complaint. It is merely a series of questions and arguments for why, in the plaintiff's opinion, the Order of August 12, 2010 was incorrect. By an Order dated August 23, 2010 the document was stricken. We also ordered that, in

4

accordance with the Order of August 12, 2010, the plaintiff may file a proper amended complaint on or before September 13, 2010. We stated that if the plaintiff were to fail to file an amended complaint, it would be recommended that the case be dismissed.

The plaintiff has not filed an amended complaint.[2] Given that the plaintiff has not filed an amended complaint and given that the complaint and supplemental complaint fail to state a claim upon which relief may be granted, we will recommend that the case be dismissed.

Based on the foregoing, it is recommended that the case be dismissed pursuant to 28 U.S.C. § 1915(e)(2) and that the case file be closed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: October 1, 2010.

---

[2] Although the plaintiff did not file an amended complaint, on September 7, 2010, the plaintiff filed a motion for the appointment of counsel. By a separate Order, we have denied the plaintiff's motion for the appointment of counsel.